UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

DEBRA DURHAM,

    Plaintiff,

v.

PGA VILLAGE PROPERTY OWNERS' ASSOCIATION, INC.,
GEORGE SAYLOR, CASTLE MANAGEMENT, LLC,
MINDY VARGAS, and LISA CANNON,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Debra Durham ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, PGA Village Property Owners' Association, Inc., ("PGA Village"), George Saylor ("Saylor"), Castle Management, LLC, ("Castle Management"), Mindy Vargas ("Vargas"), and Lisa Cannon("Cannon") (collectively, "Defendants"), and states as follows:

### JURISDICTION AND VENUE

1. The Court has original jurisdiction pursuant to 42 U.S.C. §1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction under 28 U.S.C. § 1367, over Plaintiff's claims under the Florida Fair Housing Act, § 760.20, et seq., specifically, Sections 760.23(2), 760.23(8), 760.23(9)(b), and 760.37, Florida Statutes.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 3613(a) (Fair Housing Act violations).

Page 1 of 10

3. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b), as the discriminatory housing practices occurred in Port St. Lucie, Florida.

## PARTIES

4. Plaintiff, Debra Durham, is a resident of Port St. Lucie, Florida, who is disabled within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h), and is otherwise *sui juris*.

5. Defendant, PGA Village Property Owners' Association, Inc., is a Florida corporation responsible for implementing and enforcing policies affecting homeowners, including disability accommodations.

6. Defendant, George Saylor, as the President of the HOA, was responsible for overseeing compliance with HOA policies, including Plaintiff's reasonable accommodation requests. He actively participated in denying Plaintiff's accommodation by refusing to acknowledge her during meetings, pointing the camera at the ceiling, and preventing virtual participation.

7. Defendant, Castle Management LLC., is the property management company responsible for executing HOA's policies. Castle Management, through its agents, delayed or denied Plaintiff's access to meetings, misrepresented technical issues, and failed to provide reasonable accommodation.

8. Defendant, Mindy Vargas, as the Senior Community Association Manager, personally refused Plaintiff's requests for virtual meeting access, stating that virtual access was not available, despite HOA's prior approval of the accommodation.

9. Defendant, Lisa Cannon, as the previous property manager, initially granted Plaintiff's request for reasonable accommodation but later participated in obstructing her access by failing to ensure consistent implementation of the approved accommodation.

10. The housing at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## FACTUAL ALLEGATIONS

11. Plaintiff belongs to a class of people whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of her disability.

12. Plaintiff has a chronic, incurable medical condition that substantially limits her mobility and ability to attend in-person meetings and events.

13. In October 2022, Plaintiff formally requested reasonable accommodation to attend HOA-related meetings via Zoom due to her disability.

14. In November 2022, Plaintiff again requested a reasonable accommodation of access to meetings and events at the facilities used, via "Zoom" (or other video conferencing products) via email through the Management Company and the HOA so that she may have access to the services and facilities used and employed for the meetings and events.

15. Further, on or around December 15, 2022, Plaintiff submitted documentation from her physician, confirming her disability and supporting the medical need for the requested accommodation.

16. The HOA initially approved the accommodation in December 2022.

17. Despite approval, Defendants engaged in a pattern of obstruction, including:

   a. George Saylor refused to acknowledge Plaintiff in meetings and manipulated Zoom features to block her access.

   b. Castle Management, LLC failed to provide necessary technology and falsely claimed technical difficulties.

    c. Mindy Vargas directly denied Plaintiff's access to virtual meetings, insisting that Zoom was not available. However, implementing Zoom was possible.

    d. Lisa Cannon failed to ensure the continued implementation of the accommodation after initially granting it.

18. On May 11, 2023, during an Architectural Review Committee (ARC) meeting, George Saylor and Castle Management, LLC, prevented Plaintiff from participating despite her attempts to engage.

19. On multiple occasions, Defendants held "Coffee and Conversation" meetings, allowing in-person participation but denying Plaintiff virtual access, despite prior approval.

20. Over approximately 20 months, Plaintiff made numerous requests, both in writing and/or verbally, that the Defendants make one or more reasonable accommodation with the rules, policies, practices, procedures, or services concerning virtual attendance of meetings and events for residents.

21. Defendants denied the requested reasonable accommodation, which was necessary and required because of Plaintiff's disability, and which would allow Plaintiff the full use and privileges, or services and facilities available to other tenants and residents who were not disabled.

22. Under the FHA, it is unlawful to discriminate against a buyer, renter and/or "any person associated" therewith for reasons of disability, 42 U.S.C. § 3604(f)(1).

23. Discrimination includes: "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]"42 U.S.C. § 3604(f)(3)(B).

24. Further, the undue delay in responding to a request for accommodation or modification is deemed to be a constructive denial and thus a violation of the Fair Housing Act.

25. Defendants, with knowledge of Plaintiff's protected class status, willfully discriminated against Plaintiff under the same terms and conditions to attend the HOA meetings, that were applicable to all persons who were qualified or eligible residents.

26. Because Defendant Castle Management manages the Subject Property operated by PGA Village, Castle Management is considered an agent of PGA Village, and as such, all Castle Management actions are attributable to PGA Village.

27. At all-time relevant, the individuals involved in the discriminatory actions were acting as employees and/or agents of Defendants Castle Management, and PGA Village are vicariously liable for their agents and employees' actions or omissions that violate the Fair Housing Act. *Meyer v. Holley*, 537 U.S. 280, 285, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003).

28. "Any person or entity engaging in prohibited conduct – i.e., refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling – may be liable" unless they fall within the very narrow exceptions to the FHA's coverage. Neither condominium associations, nor property management companies are exempted from the FHA's requirements.

29. As a result of Defendants' actions described above, Plaintiff has suffered and continues to suffer irreparable loss and injury including, but not limited to humiliation, embarrassment, emotional distress, and deprivation of Plaintiff's right to equal housing opportunities regardless of her disability.

30. Defendants knew they were violating the Fair Housing Act, yet Defendants acted with deliberate disregard for Plaintiff's rights under federal and state law. As a result of Defendants' discrimination on the basis of disability, Plaintiff also suffered non-economic injuries, such as mental anguish, grievous emotional distress, embarrassment, frustration, anxiety, humiliation, loss of capacity for the enjoyment of life, loss of personhood and civil rights, and other personal injuries resulting from Defendants' discriminatory actions.

31. Defendants' acts and/or omissions regarding Plaintiff were intentional, malicious, and exhibited wanton or reckless disregard of Plaintiff's rights and feelings due to her disability. Such behavior entitles Plaintiff to an additional award of punitive damages and/or exemplary damages. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

32. Defendants' actions were in deliberate disregard of Plaintiff's federal, and state protected rights. A handicapped plaintiff proceeding under the Fair Housing Amendments Act can rely on "disparate treatment," "disparate impact" or "reasonable accommodation theory". *Douglas v. Kriegsfeld Corp.*, 884 A.2d 1109, 1128-29 (D.C. 2005); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218-19 (11th Cir. 2008). Here, plaintiff relies on a failure to reasonably accommodate theory to support her claims against Defendants in this matter.

33. The Florida Commission on Human Relations (FCHR) investigated and issued a Determination of Cause, finding there is reasonable cause to believe, that Plaintiff was subjected to discriminatory housing practice from Defendants with regards to the allegations of violation of Florida Statutes, Sections: 760.23(2) Discriminatory terms, conditions, privileges, or services and facilities, 760.23(8), and 760.23(9)(b) Failure to grant Reasonable Accommodations, 760.37 Hostile Environment Harassment.

34. Any other conditions precedent to the filing of this action have been satisfied or have been waived.

35. Plaintiff has retained J. Courtney Cunningham, PLLC, to represent her in this action and agreed to pay a reasonable fee for their services.

**COUNT I - VIOLATION OF THE FAIR HOUSING ACT**
**(42 U.S.C. § 3604(f)(2)) – DISCRIMINATORY TERMS AND CONDITIONS**
(*As to All Defendants*)

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth.

37. Plaintiff is a member of a protected class under 42 U.S.C. 3602(i)

38. Plaintiff is a resident of PGA Village and requested reasonable accommodation because of her disability.

39. Defendants were made aware of the requested accommodation which is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling.

40. Defendants PGA Village, Castle Management, and Saylor denied Plaintiff equal access to community meetings and events.

41. Defendants Vargas and Cannon refused to ensure the accommodation was consistently available.

42. Defendant imposed unfavorable terms, conditions and privileges on Plaintiff's residency.

43. Defendant did not impose such terms or conditions on similarly situated tenants not of Plaintiff's protected class.

44. These actions constitute discriminatory terms and conditions in violation of 42 U.S.C. § 3604(f)(2).

45. Defendants' actions were in total reckless disregard of Plaintiff's rights and deliberately indifferent to her medical condition or needs, and to her rights under federal law.

## COUNT II - FAILURE TO MAKE REASONABLE ACCOMMODATIONS
### (42 U.S.C. § 3604(f)(3)(B))
(*As to All Defendants*)

46. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth.

47. Plaintiff is a member of a protected class under 42 U.S.C. 3602(i)

48. Plaintiff is a resident of PGA Village and requested reasonable accommodation because of her disability.

49. Defendants were made aware of the requested accommodation is necessary to afford Plaintiff's an equal opportunity to use and enjoy the dwelling.

50. Defendants PGA Village and Castle Management had an obligation to ensure that Plaintiff's reasonable accommodation was provided.

51. Defendants Saylor, Vargas, and Cannon actively participated in obstructing the accommodation, causing Plaintiff harm.

52. These failures constitute a violation of 42 U.S.C. § 3604(f)(3)(B).

53. Defendants' actions were in total reckless disregard of Plaintiff's rights and deliberately indifferent to her medical condition or needs, and to her rights under federal law.

## COUNT III - HOSTILE HOUSING ENVIRONMENT (42 U.S.C. § 3617)
(*As to All Defendants*)

54. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth.

55. Plaintiff is a member of a protected class under 42 U.S.C. 3602(i).

56. Plaintiff is a resident of PGA Village and requested reasonable accommodation because of her disability.

57. After requesting reasonable accommodation and exercising her rights under the Fair Housing Act, Plaintiff was subject to a hostile housing environment by Defendants.

58. Defendants Saylor, Vargas, and Cannon engaged in repeated acts of hostility and intimidation, including public humiliation and dismissive treatment.

59. Defendant Castle Management refused to take corrective action despite knowing about the ongoing discrimination.

60. Defendant PGA Village failed to enforce its own policies, enabling the harassment.

61. These actions created a hostile housing environment, violating 42 U.S.C. § 3617.

62. Defendants' actions were in total reckless disregard of Plaintiff's rights and deliberately indifferent to her medical condition or needs, and to her rights under federal law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Debra Durham demands judgment against Defendants, PGA Village Property Owners' Association, Inc., George Saylor, Castle Management, LLC, Mindy Vargas, and Lisa Cannon, as well as any other owners, agents, or representatives acting in concert with the Defendants' discriminatory actions, and respectfully requests this Court the following:

1. Declaratory Judgment that Defendants violated the FHA.
2. Injunctive Relief requiring Defendants to: a. Provide Plaintiff full virtual access to all meetings and events; b. Implement policies and training on disability accommodations.
3. Compensatory and Punitive Damages for emotional distress and discrimination.

4. Attorneys' Fees and Costs pursuant to 42 U.S.C. § 3613(c)(2).

5. Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted May 9, 2025.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC**
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*

Ariel Lett, Esq.
FBN: 115513
**LETT LAW, PLLC**
6303 Blue Lagoon Dr. Ste 400
Miami, FL 33126
T: 305.912.5388
alett@lettlawfirm.com
service@lettlawfirm.com

*Counsel for Plaintiff*